# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00218-FDW-DSC

| | |
|---|---|
| **KANISHA MONIQUE LATRICE ERWIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| **JAMES BOWMAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] and on Plaintiff's motion to proceed in forma pauperis [Doc. 2]. See 28 U.S.C. § 1915(e).

Pro se Plaintiff Kanisha Monique Latrice Erwin ("Plaintiff") filed this action, purportedly pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), on May 11, 2021. [Doc. 1]. Plaintiff names four Defendants: James Bowman, identified as an attorney; Scott Rosenberg, identified as an attorney and guardian *ad litem*; Cynthia Morris; and Holden Clark. [Id. at 2, 6]. Plaintiff does not identify Morris or Clark, but it appears from her Complaint that they are either attorneys or guardian *ad litems* or both. [See id. at 9].

Plaintiff alleges that, between November of 2017 to April 29, 2019, Defendants Bowman and Rosenberg, acting under color of state and federal law, refused to provide Plaintiff copies of court records, orders, and reports; refused Plaintiff's desire to request a trial; denied Plaintiff the opportunity to show her evidence of false allegations in a Child Protective Services petition; refused to represent and defend Plaintiff; and stated that no attorney would represent her and the

only way she would get her children back was to sign an agreement typed by Defendant Bowman. [Doc. 1 at 6-8]. Plaintiff further alleges that Defendants Clark and Morris engaged in essentially the same conduct from April 29, 2019 to the present after Bowman and Rosenberg "requested to be released."[1] [Id. at 9].

Plaintiff states that she has suffered "no injuries" and, as relief, requests "[her] rights to prove the false allegations;" "[her] rights to obtain copies of court records, orders, and reports;" and "[her] rights of a trial." [Id. at 4].

The Court first addresses Plaintiff's motion to proceed in forma pauperis (IFP). Plaintiff's affidavit shows that she had an average monthly income of $941.00 for the past twelve months and expects to receive $941.00 in income next month. [Doc. 2 at 1-2]. Plaintiff failed to complete the sections in the affidavit regarding assets, employment history, and others that might rely on her for support. [See id. at 2-3]. Plaintiff reports that she has total monthly expenses of $1,085.00. [Id. at 4-5]. Because Plaintiff failed to complete the form as directed, the Court is without sufficient information to determine whether Plaintiff has sufficient funds to pay the filing fee.

The Court will, therefore, deny Plaintiff's motion without prejudice and order Plaintiff to either submit an Amended Application or to pay the $402.00 filing file. Should the Plaintiff choose to file an Amended Application, she should use and **complete in full** the Application to Proceed

---

[1] Plaintiff recently filed another case with this Court alleging identical facts against the same Defendants. [Civil Case No. 3:21-cv-00188-RJC-DSC, Doc. 1]. In that action, Plaintiff submitted a short form affidavit in support of her IFP motion. [Id., Doc. 2]. The Court ordered Plaintiff to either pay the filing fee or file an amended long form IFP motion. [Id., Doc. 3]. It appears that instead of complying with that Order, Plaintiff filed this action in which she again fails to provide the information necessary to determining whether she has funds to pay the filing fee. The Court will instruct the Clerk to dismiss the first action, 3:21-cv-188, as duplicative of the instant action. Of note, Plaintiff has also been previously warned against filing repetitive lawsuits in this Court, Civil Case No. 3:19-cv-00587-MOC-DCK, Doc. 3 at 3, and admonished that the Court may consider monetary sanctions against her if she continues to do so. Plaintiff is reminded of the possibility of sanctions for filing duplicative actions with this Court.

in District Court without Prepaying Fees or Costs (Long Form) (AO 239), which is available through the Court's website, http://www.ncwd.uscourts.gov. Plaintiff is specifically instructed to review and follow the "Instructions" on the first page thereof.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall, within fourteen (14) days of this Order, either pay the $402.00 fee to file his Complaint or file an Amended Application, using AO Form 239. **Failure to pay the fee or to file an Amended Application within the time required and in accordance with the terms of this Order will result in the dismissal of this action without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall not file another action involving these facts and these Defendants rather than paying the filing fee or the Amended Application, as ordered, in this case. **Any such action will be summarily dismissed**.

The Clerk is instructed to terminate Civil Case No. 3:21-cv-00188-RJC-DSC as duplicative of this proceeding.

Signed: May 21, 2021

Frank D. Whitney
United States District Judge